UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br>      Plaintiff<br><br>           v.<br><br>NOREEN V. LEZDEY, JAMIE HOLDING CO., LLC, WORLD-PHARM TRUST, AND THE UNITED STATES OF AMERICA,<br>      Defendants. | )<br>)<br>)<br>)  C.A. No. 13-11118-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 28, 2016

Plaintiff Bank of New York Mellon ("BNY") filed a Verified Complaint in the Land Court for the Commonwealth of Massachusetts, seeking to resolve disputes about the validity and priority of a mortgage on the property at 20 Crosby Village Road, Eastham, Massachusetts (the "Property"). Defendant United States of America removed the case to this court.

BNY alleges that defendant Noreen Lezdey executed a mortgage with BNY's predecessor in interest on July 13, 2004 (the "Mortgage"). After the Mortgage was executed, but before it was recorded at the registry of deeds, Lezdey allegedly improperly: (1) transferred the Property to defendant Jaime Holding Company, LLC ("Jaime Holding"), a company controlled by Lezdey and her husband, and (2) recorded the transfer at the registry before the Mortgage was recorded. The United States Internal Revenue Service (the "IRS") subsequently recorded tax liens on the Property. The

Mortgage was later assigned to BNY. Defendant World-Pharm Trust ("World-Pharm"), another Lezdey-associated entity, now holds title to the Property.

The Verified Complaint asserts two counts. Count I seeks a declaratory judgment that BNY's "right, title and interest in the [Property] is a valid first mortgage on the [Property] and is superior to any lien, right or interest held by the Defendants." Verified Complaint ¶24. Count II seeks to quiet title to the property pursuant to Massachusetts General Laws Chapter 240, Section 6.

BNY has moved for summary judgment, which Lezdey opposes. The motion was referred to Magistrate Judge Marianne Bowler. In her August 25, 2016 Report and Recommendation, the Magistrate Judge recommended allowing BNY's motion in part, and denying it in part.

The Magistrate Judge concluded that the Mortgage has priority over any of the defendants' interests because defendants had actual notice of the Mortgage when their interests were created. More specifically, the Magistrate Judge concluded that Jaime Holding had actual notice of the Mortgage at the time of conveyance to because its principals, Lezdey and her husband John Lezdey, had actual notice of the Mortgage. The remaining defendants had actual notice because the Mortgage had been recorded at the registry by the time they took interest in the Property. The Magistrate Judge also concluded that BNY had standing because the Mortgage had been

2

properly assigned to BNY under Massachusetts law, and that none of defendants' asserted affirmative defenses were relevant to the requested declaratory judgment.

The Magistrate Judge recommended denying summary judgment as to Count II, concluding that BNY had not proffered sufficient evidence or sufficiently developed arguments in support of judgment on the quiet title claim.

On September 7, 2016, Lezdey filed an objection to the Report and Recommendation (the "Objection"). On September 21, 2016, BNY filed a response to the Objection (the "Response").

The court has considered the Magistrate Judge's Report and Recommendation and the submissions of the parties on the motion and the Objection. The court has also reviewed de novo the questions of law and the issues to which Lezdey has objected. See Fed. R. Civ. P. 27(c).

In essence, Lezdey asserts that the Magistrate Judge improperly relied on evidence submitted by BNY in deciding that BNY had standing. In particular, Lezdey challenges three pieces of evidence. First, she states that the Affidavit of Gabriel Ruzzi (the "Ruzzi Affidavit") was inadmissible because it was not based on personal knowledge, as required by Federal Rule of Evidence 602 and Federal Rule of Civil Procedure 56(4). See Objection at 3-4. Second, she argues that the court should not have considered the Verified Complaint, and its attachments, because (1) BNY did not

purport to rely on the Verified Complaint in its motion for summary judgment, and (2) the BNY Vice President who verified the Complaint, like Ruzzi, did not have the knowledge necessary to address the purported assignment. See id. at 5-6. Finally, Lezdey argues that the court should not have considered the copy of the Mortgage attached to the Affidavit of John Allen (the "Allen Affidavit") because Allen did not establish that he had personal knowledge that the attached Mortgage was true and correct. See id. at 6.

Lezdey's objections are not meritorious. First, the Magistrate Judge did not rely on the Ruzzi Affidavit to conclude that the assignment to BNY was proper. See Report and Recommendation at 20-21. Instead, the Magistrate Judge relied on copies of the assignment filed at the Barnstable County Registry of Deed that were attached to BNY's Verified Complaint. Id. Therefore, as the Magistrate Judge noted, Lezdey's arguments concerning the Ruzzi Affidavit are irrelevant. See Report and Recommendation at 9 n.5 (noting that "[w]ith respect to a number of other arguments made by defendants to exclude certain evidence proffered by plaintiff to support summary judgment, this court did not consider the challenged evidence thereby rendering defendants' arguments moot . . .").

Second, it was proper for the Magistrate Judge to consider the documents attached to the Verified Complaint. The Federal

Rules of Civil Procedure provide that the court may consider materials in the record that were not cited by the parties. See F.R. Civ. P. 56(c)(3). The First Circuit has held that "a Verified Complaint ought to be treated as the functional equivalent of an affidavit to the extent that it satisfies the standards explicated in Rule 56(e) . . .'" Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st Cir. 1991). Therefore, it was appropriate for the Magistrate Judge to consider the government records attached to the Verified Complaint.

The documents are also properly authenticated. As the Magistrate Judge correctly concluded:

> [t]he copy of the assignment attached to the complaint is stamped as recorded at the registry and verified as a true and accurate copy of the assignment. (Docket Entry # 7, ¶ 20, p. 14); (Docket Entry #7, p. 47, Ex. H). It is therefore properly authenticated, see Fed.R.Evid. 902, and admissible as a duplicate, see Fed.R.Evid. 1003."

Report and Recommendation at 8-9 n.5. The same analysis applies to the copy of the Mortgage attached to the Allen Affidavit. It too is stamped as recorded at the registry of deeds and Allen verifies that it is a true and accurate copy. See (Docket No. 82).

The court finds the remainder of the Report and Recommendation to be thorough, thoughtful, and persuasive. The Report and Recommendation is, therefore, being adopted. The Motion for Summary Judgment is being allowed in part and denied in part.

5

In its Response, BNY stated that "Plaintiff will not pursue Count II at this time and, to the extent that the Court affirms the Report and Recommendation with respect to Count I, will dismiss Count II, without prejudice, to allow for the entry of Final Judgment in Plaintiff's favor." Response at 2 n.1. Therefore, Count II is being dismissed without prejudice.

In view of the foregoing, it is hereby ORDERED that:

1. The Magistrate Judge's Report and Recommendation (Docket No. 29) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

2. For the reasons stated in the Report and Recommendation, Plaintiff's Motion for Summary Judgment (Docket No. 78) is ALLOWED as to Count I, and DENIED as to Count II.

3. Count II is, with the agreement of plaintiff, DISMISSED without prejudice.

UNITED STATES DISTRICT JUDGE